FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROD TENNYHILL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-03101-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 19. Plaintiff Rod Tennyhill brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Mr. Tennyhill's Motion for Summary

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**
~ 1

Judgment, **DENIES** Defendant's Motion for Summary Judgment and **REMANDS** for further proceedings consistent with this Order.

## I. Jurisdiction

Mr. Tennyhill filed his application for supplemental security income on March 26, 2013. AR 161-64. His alleged onset date is August 1, 2011. AR 161. His application was initially denied on April 26, 2013, AR 90-98, and on reconsideration on August 27, 2013, AR 102-07.

Administrative Law Judge ("ALJ") Ruperta M. Alexis held a hearing on September 16, 2014. AR 37-66. ALJ Alexis issued a decision on January 6, 2015, finding Mr. Tennyhill ineligible for supplemental security income. AR 24-33. The Appeals Council denied Mr. Tennyhill's request for review on April 5, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Tennyhill timely filed the present action challenging the denial of benefits on June 5, 2017. ECF No. 3. Accordingly, Mr. Tennyhill's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B). Specific regulations provide for payment of disabled children's insurance benefits when the claimant is under age 18 and has a disability that began before turning 22. 20 CFR 404.350(a)(5).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3**

do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the

claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Mr. Tennyhill was 50 years old on the date his application was filed. AR 161. He has at least a high school education and can communicate in English. AR 32. He has past relevant work

experience as a kettle attendant, camper assembler, box maker, produce sorter, and fire woodcutter. AR 32.

### V. The ALJ's Findings

The ALJ determined that Mr. Tennyhill was not under a disability within the meaning of the Act since March 7, 2013, the date his application was filed. AR 24-33.

**At step one**, the ALJ found that Mr. Tennyhill had not engaged in substantial gainful activity since March 7, 2013, his application date (citing 20 C.F.R. § 416.971 *et seq.*). AR 26.

**At step two**, the ALJ found Mr. Tennyhill had the following severe impairment: right torn rotator cuff arthropathy (citing 20 C.F.R. § 416.920(c)). AR 26-28.

At **step three**, the ALJ found that Mr. Tennyhill did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 28.

At **step four**, the ALJ found Mr. Tennyhill had the following residual functional capacity. He can perform light work as defined in 20 C.F.R. § 416.967(b) except: he can occasionally lift 20 pounds and 10 pounds frequently; he is limited to carrying 10 pounds with the right upper extremity; he is limited to occasional overhead, lateral, and in front reaching with the right upper extremity;

he has no limitations of the left upper extremity; he must avoid concentrated exposure to cold; he is limited to no climbing of ladders, ropes, or scaffolds; he must avoid concentrated exposure to hazardous equipment and machinery; and he can perform at the skill level of his past work. AR 28.

The ALJ determined that Mr. Tennyhill was unable to perform any of his past relevant work, which included: kettle attendant, camper assembler, box maker, produce sorter, and fire woodcutter. AR 32.

At **step five**, the ALJ found that in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Mr. Tennyhill can perform. AR 32-33. These include usher, counter clerk, and sandwich board carrier. AR 32.

## VI. Issues for Review

Mr. Tennyhill argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to assess Mr. Tennyhill's obesity; (2) failing to find Mr. Tennyhill had severe spinal impairments and associated medically-determinable headaches; (3) improperly assessing the medical opinion evidence; (4) improperly rejecting the May 2014 Labor Market Study and finding Mr. Tennyhill could perform other work at step five; and (5) discrediting Mr. Tennyhill without specific, clear, and convincing reasons for doing so.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8**

# VII. Discussion

**A. The ALJ did not err with regard to Mr. Tennyhill's obesity.**

The record does establish a period in which Mr. Tennyhill is considered clinically obese. AR 346. Mr. Tennyhill argues that his obesity may affect other musculoskeletal issues, but he does not point to any medical evidence in the record to support this assumption. Mr. Tennyhill does not even point to a diagnosis of obesity, but instead references vitals that indicate a BMI in the range of obesity. ECF No. 12 at 6; AR 346. A claimant is required to point to evidence of functional limitations in the record that the ALJ ignored and would have been impacted by his obesity to show harmful error. *Burch v. Bayliss*, 400 F.3d 676, 683 (9th Cir. 2005). Mr. Tennyhill has failed to do so.

**B. The ALJ erred in part with regard to the severity of Mr. Tennyhill's spinal conditions.**

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to

dispose of groundless claims," and the ALJ is permitted to find a claimant lacks a medically severe impairment only when the conclusion is clearly established by the record. *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

### a. Back pain

The ALJ found that Mr. Tennyhill's back pain was non-severe. The ALJ noted that the record established that Mr. Tennyhill's back pain resolved with the use of Valium as needed.[1] AR 27, 258. This admitted relief is contemporaneous to imaging findings. AR 264. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Brown v. Barnhart*, 390 F.3d 535, 540 (9th Cir. 2004).

### b. Neck pain and headaches

The ALJ found Mr. Tennyhill's neck pain to be non-severe because he did not testify to neck-related symptoms. AR 27. The ALJ is mistaken. *See* AR 49, 57. On both of these occasions, Mr. Tennyhill referred to arthritis in his neck that caused headaches. *Id.* The Commissioner argues in response that he also testified that stretching exercises improve the pain, but this is not supported by the record. The transcript shows that Mr. Tennyhill actually stated as follows:

---

[1] Mr. Tennyhill argues that he stopped taking Valium "secondary to doctor's orders," but this assertion is unsupported by the record. *See* ECF No. 12 at 8-9; AR 265 (referenced record makes no mention of Valium, nor does it mention Mr. Tennyhill's back issues)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10**

> Yeah, I get headaches. I was getting them every day and then I went into one doctor when I was in Yakima and she gave me – like told me just to stretch it, you know, and do more exercise for my neck. And then recently here they took x-rays and said that I have arthritis in my neck.

AR 57. While Mr. Tennyhill did mention a recommendation for stretch exercises, he does not state that they offered improvement. The fact imaging studies were completed after he began stretching further weakens the Commissioner's assumption that stretching resolved the issue.

Additionally, the ALJ's determination that the record is void of chronic reports of headaches is inaccurate. AR 28. Mr. Tennyhill reported headaches on at least three occasions in early 2013. AR 266, 305, 309. He also completed a headache questionnaire in July 2013 that described his headaches as being in the back of his head and base of his neck. AR 216-17.

Finally, the record shows degeneration of his cervical spine and supports allegations of neck pain. X-rays of the cervical spine demonstrate "moderate-marked loss of invertebral disc height" and "fact degenerative changes." AR 399. The ALJ notes the presence of these findings, but ignores their relevance based exclusively on the inaccurate statement that Mr. Tennyhill did not testify to neck pain. AR 27.

Because Mr. Tennyhill was found to have at least one severe impairment, this case was not resolved at step two. Thus, any error in the ALJ's finding at step two is harmless, if all impairments, severe and non-severe, were considered in the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**
~ 11

determination Mr. Tennyhill's residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless error where the ALJ includes the limitations of that impairment in the determination of the residual functional capacity). Here, it is unclear that the ALJ considered Mr. Tennyhill's cervical spine degeneration and resulting pain symptoms, including headaches, in the calculation of his residual functional capacity. This is harmful error and remand is proper. *See Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014).

**C. The ALJ did not err in evaluation of the medical record**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted).

Here, Mr. Tennyhill argues that the ALJ erred by only relying on the opinion of non-examining physician Dr. Gordon Hale, M.D. ECF No. 12 at 12. Dr. Hale provided a residual functional capacity in August 2013. AR 82-84. The ALJ gave partial weight to Dr. Hale's findings, but noted that Mr. Tennyhill had additional limitations of his right upper extremity and accommodated for that in a more restrictive residual functional capacity. AR 31. As the record indicates that Mr. Tennyhill's right shoulder was more impaired by the time of his hearing, it was reasonable for the ALJ to include additional limitations.

Mr. Tennyhill also notes that Dr. Hale's opinion was rendered prior to findings that demonstrated he suffered from cervical spine degeneration, which further undermines his opinion. ECF No. 12 at 12. The Court has already noted that the ALJ erred in failing to properly account for this condition in the residual functional capacity calculation. *See supra* at pp. 10-12.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**
~ 13

**D. Because the ALJ erred with regard to the calculation of Mr. Tennyhill's residual functional capacity, errors at step five are moot.**

Mr. Tennyhill asserts that it was error to reject a 2014 Labor Market Study provided by a vocational expert Travis Duncan. AR 226-46. Mr. Duncan did not testify at the hearing, and Mr. Tennyhill asserts the information in the Market Study contradicts the testimony of testifying vocational expert Michael W. Swanson. ECF No. 12 at 14-17. Because the Court has already found that the ALJ erred in calculating Mr. Tennyhill's residual functional capacity by failing to account for his cervical spine degeneration, the ALJ is already required to redo the findings at step five based on the revised residual functional capacity. Because the findings will inevitably be somewhat different, the issue regarding the Market Study is moot.

**E. The ALJ did not err in the determination of Mr. Tennyhill's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ determined that Mr. Tennyhill's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but Mr. Tennyhill's statements concerning the intensity, persistence, and limiting effects are not entirely credible. AR 24.

The ALJ found that Mr. Tennyhill's pain complaints exceed objective and physical exam findings. This For example, in October 2012, Sarah Sprow, ARNP, who evaluated Mr. Tennyhill only for lower back and shoulder pain, had examination findings that did not support disabling pain. AR 260-61.

The record also shows a pattern of conservative treatment for the shoulder, as well as failure to follow prescribed treatments. Both of these issues may weigh against a claimant's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th

Cir. 2008); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For example, Dr. Gene Griffiths, M.D., noted that Mr. Tennyhill was likely not a candidate for surgery because of the time between the injury and the appointment, and Dr. Griffiths prescribed physical therapy and possible steroid injections. AR 303. Lisa Alexander, ARNP, also recommended these same treatments to Mr. Tennyhill in January 2013. AR 268. In July 2013, Dr. Michael Han, M.D., also prescribed continued conservative treatment. AR 358. Also at that visit, Mr. Tennyhill acknowledged that he was not doing a home exercise program. *Id.*

The ALJ also noted that many of Mr. Tennyhill's activities of daily living were inconsistent with his testimony. For example, in April 2013, Mr. Tennyhill did not indicate that he had any difficulty with sitting or walking. AR 186-93. He also indicated that he could play cards, prepare meals, and perform chores. *Id.*

The Court finds that the ALJ's findings regarding Mr. Tennyhill's credibility are supported by the record; however, the Court also recognizes that on remand the ALJ may need to reevaluate Mr. Tennyhill's credibility with regard to his cervical spine degeneration.

**F. Remedy**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings

would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

On remand, the ALJ will reconsider the record and, if necessary, hold a new hearing to determine the effects of Mr. Tennyhill's cervical spine degeneration. The ALJ will then recalculate his residual functional capacity based on these findings and evaluate, based on this updated residual functional capacity, Mr. Tennyhill's ability to perform work available in the national economy.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 19,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

///

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 8th day of May, 2018.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge